**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO TIMOTHY VASCONC LEE; FERNANDA LEE; KEREN HAPPUCH M. VASC LEE; BEN HUR M. VASCONCE LEE, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71265 <br><br> Agency Nos. A099-776-787 <br> A099-776-788 <br> A099-776-789 <br> A099-776-790 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2011[**]
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Antonio T. V. Lee petitions for review of the decision of the Board of Immigration Appeals dismissing his appeal from an order of removal. Because substantial evidence supports the BIA's determination that Lee's political opinion was not a central reason for his persecution, we deny the petition.

Lee asserted that he was persecuted on account of political opinion because he exposed police corruption in a civil lawsuit. The BIA did not deny that Lee might have had a political opinion, but it concluded that "the record does not support a finding that the respondent's political opinion (whether imputed or direct) or any other protected ground was at least one central reason behind the incidents at issue." Under the REAL ID Act, Lee was required to demonstrate that his political opinion was "at least one central reason" behind the persecution. 8 U.S.C. § 1158(b)(1)(B)(i) (2006). Our precedent based on the statute prior to its amendment by the REAL ID Act, including cases cited by Lee, has been superseded. Instead, Lee had to meet the standard of showing that his persecutors "would not have harmed the applicant if the protected trait did not exist." Matter of N-M-, 25 I. & N. Dec. 526, 2011 WL 2297860, at *5 (BIA 2011). He did not do so in this case.

Substantial evidence in the record supported the BIA's conclusion that Lee's persecution was not on account of a political opinion. Lee's persecution on

2

account of resistance to aberrational criminal conduct by the police does not qualify as persecution on account of a political opinion. Id. ("Where the alien threatens to expose the corrupt acts of rogue officials acting without the support of the governing regime, it seems less likely that the act would be perceived as politically motivated or politically threatening."). In this case, the BIA could conclude that Lee's resistance to a small group of corrupt policemen did not constitute the type of action that would be perceived as opposition toward "'a governing institution.'" Id. (quoting Grava v. INS, 205 F.3d 1177, 1181 (9th Cir. 2000)). Lee failed to demonstrate that bribery was systemic to the government institution; therefore, the BIA could conclude that his exposure of corrupt police acts was perceived as opposition to a few corrupt officials instead of opposition to the political system. See Sagaydak v. Gonzales, 405 F.3d 1035, 1044 (9th Cir. 2005) (refusing bribes constituted political opinion because alien's actions were tied to government political and economic reforms); Desir v. Ilchert, 840 F.2d 723, 727 (9th Cir. 1988) (resisting bribes constituted political opinion because government was a kleptocracy from the highest to lowest level).

Lee's testimony also demonstrated that the police persecuted him for non-protected reasons. For the 1997 incident, Lee failed to show that the beating was on account of a political opinion rather than for retaliation for his resistance to the

3

bribe. See INS v. Elias-Zacarias, 502 U.S. 478, 481-84 (1992) (alien who resisted recruitment by guerilla group failed to show that guerillas persecuted him for his political opinion rather than for his refusal to join the group). Regarding the incident in 1999, Lee's testimony demonstrated that the police beat Lee because of accusations that Lee tried to use armed men to take over a car shop, not because of Lee's testimony at a civil lawsuit. In the 2003 incident, the police did not give a reason for the beating. Because the record supports a finding that the persecutors' motivations could have been based on non-protected reasons in the two prior incidents, the BIA could reasonably conclude that political opinion was not the central reason behind the 2003 incident. Persecution for ambiguous reasons does not constitute persecution on account of political opinion merely because the persecution was subsequent in time to a political act. See Kozulin v. INS, 218 F.3d 1112, 1116-17 (9th Cir. 2000) (anonymous beating three weeks after the supposed political act did not establish persecution on account of political opinion).[1]

---

[1] In Kozulin, the court found that an interim period of three weeks between the "political act" and the anonymous attack weakened the connection between an expression of political opinion and the persecution. 218 F.3d at 1117. Lee's case has a weaker connection than Kozulin because the record indicates that the civil lawsuit decision was made in April 2002, over a year before the 2003 incident with the police. AR 457-67. Under these circumstances, the facts do not compel a finding that the 2003 incident was directly tied to Lee's testimony at the lawsuit.

4

Lee's own testimony suggested that the police may have persecuted him for bribes and accusations about trying to take over a car shop even if Lee had not testified at the civil lawsuit. Under the substantial evidence standard applicable here, the BIA decision may be set aside only if "Petitioner presented evidence 'so compelling that no reasonable fact finder could find' that Petitioner has not established eligibility for asylum." Singh v. INS, 134 F.3d 962, 966 (9th Cir. 1998) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). Because Lee failed to show an explicit connection between the beatings and his supposed political opinion and testified himself that the persecution occurred for non-protected reasons, the record does not compel a conclusion contrary to the BIA decision.

Because Lee failed to meet the requirements for asylum, he necessarily fails to meet the higher standard for withholding of removal. See Ayala v. Holder, 640 F.3d 1095, 1098 (9th Cir. 2011) (per curiam); INS v. Stevic, 467 U.S. 407, 425 (1984). Additionally, Lee failed to argue against the BIA's decision on the Convention Against Torture claim in his brief, so the argument has been waived. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED**.

*Lee v. Holder*, **10-71265**

PAEZ, Circuit Judge, concurring in part and dissenting in part:

I respectfully dissent from the denial of the petition with respect to Lee's claims for asylum and withholding of removal. Neither the immigration judge (IJ) nor the Board of Immigration Appeals (BIA) had the benefit of the recent precedential BIA decision in *Matter of N-M-*, 25 I. & N. Dec. 526 (June 9, 2011), when they held that the persecution that Lee suffered at the hands of the local police force was not on account of his political opinion.

*Matter of N-M-* discusses the heightened nexus requirement imposed by the REAL ID Act, Pub. L. No. 109-13, Div. B., § 101(h)(2), 119 Stat. 231, 305 (May 11, 2005), and its application in asylum and withholding of removal cases where the basis for the protected activity is whistleblowing against corrupt government officials. The majority is correct that under the REAL ID Act's "one central reason" standard, the "alien must demonstrate that the persecutor would not have harmed the applicant if the protected trait did not exist." *Matter of N-M-*, 25 I. & N. Dec. at 531.

*Matter of N-M-* provides more, however. The opinion provides three factors for an IJ to consider when determining, as a matter of fact, a persecutor's actual motive: (1) "whether and to what extent the alien engaged in activities that could

1

be perceived as expressions of anticorruption beliefs," (2) "any direct or circumstantial evidence that the alleged persecutor was motivated by the alien's perceived or actual anticorruption beliefs," and (3) "evidence regarding the pervasiveness of government corruption, as well as whether there are direct ties between the corrupt elements and higher level officials." *Id.* at 532-33.

Here, the BIA only discussed the first of those factors, Lee's own activities. The BIA only noted that Lee "was not involved in politics," "only made four anonymous telephone calls," "did not rail in public against corruption," and "did not publicly expose corruption, but rather criticized individuals whose corruption was aberrational." The Board did not discuss the direct and circumstantial evidence that the police were motivated by Lee's activities, or the pervasiveness of corruption in the Brazilian police forces.

Because neither the BIA nor the IJ performed a complete analysis of Lee's claim for asylum or withholding of removal on the basis of his whistleblowing against corrupt government officials, I would remand this case to the agency for reconsideration in light of *Matter of N-M-*. I therefore respectfully dissent from this part of the majority's disposition.

I concur, however, in the determination that Lee waived his Convention Against Torture claim by failing to argue it in his brief to this court.

2